## SUPREME COURT.

The People *ex rel.* Francis H. Duff agt. Samuel Booth, Mayor of the City of Brooklyn.

The comptroller of the city of Brooklyn has not exclusive power over the financial concerns of the city.

The mayor is vested with a discretionary check in respect to payments out of the city treasury; and it is his duty to take care that no money is drawn out of the treasury unless in pursuance of law.

*Kings County Special Term July*, 1866.

Application for a mandamus against the mayor of the city of Brooklyn, to oblige him to sign a warrant issued by the comptroller of the city to Francis H. Duff. The war-

rant was claimed to be in payment to Duff of a balance of $7,000 and upwards, claimed by him as surviving partner of John F. Barrett, deceased, who in his lifetime had a contract with the city for repairing the streets for the year 1864. Affidavits were read on behalf of the mayor, showing that the executor of Barrett claimed the money, and that the alleged partnership agreement was believed to be a forgery.

    CROOKE & BERGEN, *for relator, cited city charter, section* 13, *title* 3.
    JOHN G. SCHUMAKER, *corporation counsel, for the mayor.*

    I. This proceeding is substantially directed at the city of Brooklyn and its treasury. The mayor is the nominal party only. It is simply " an attempt to collect a disputed claim, for which object the writ was never designed " (*People agt. Thompson,* 25 *Barb.* 73).

    The affidavits show that Duff is not entitled to the money, and that there is another claimant who has sued the city for the money. The relator not having a " *clear legal right,*" is not entitled to the writ. (*People* agt. *Sup. of Chenango,* 11 *N. Y. p.* 563 ; *Same* agt. *Ramson,* 2 *N. Y. p.* 409.)

    II. There being a strong flavor of fraud about the claim, the mayor properly refused to sign the warrant. It was his duty so to do (*The People ex rel. Green* agt. *Wood,* 35 *Barb.* 653, §§ 11 *and* 15, *title* 3, *City Charter*).

    GILBERT, J. Upon the evidence disclosed by the affidavits it is at least doubtful whether the relator is entitled to the moneys for which the warrant was drawn, and I am constrained to say that I can find nothing in the papers before me which make it the duty of the comptroller to draw the warrant in favor of the relator. The contract was with Barrett. He is dead. *Prima facie,* his legal representatives are entitled to the money due from the city. The relator claims that he was a partner, and produces a certificate to that effect, alleged to have been signed by Barrett. This is denied by disputing the genuineness of the signature of

People agt. Booth.

Barrett to the certificate and other facts. It further appears that the executor of Barrett has sued the city to recover the money for which the comptroller drew the warrant in favor of the relator. I can find nothing in the charter of the city or in the general statutes of the state authorizing the comptroller to adjudicate the question of the title to the money; and it is very clear that a statute making such a determination binding on the representatives of Barrett would be void. The action of the street commissioner related only to the doing of the work, and that of the auditor related only to the legality of the employment, and the amount of the bills. Their certificates had no effect upon the right to receive the money.

The question then is whether the mayor was concluded by the action of the comptroller and bound to sign the warrant as a mere ministerial act. I think not. The argument of the counsel for the relator would be applicable if the question related only to the amount, because in that case the mayor would be bound by the determination of the officers to whom the statute had confided that specific power on that subject. But the power of determining a litigated claim against the city has not been vested in the comptroller or any other city officer to the exclusion of the mayor. The provision of the charter is that no money shall be drawn or paid out of the treasury except upon warrants signed by the mayor or acting mayor and comptroller, and countersigned by the clerk.

It is contended that the power conferred upon the comptroller to manage the financial concerns of the corporation, and administer oaths to persons prosecuting claims against it, is exclusive in its nature, and that the mayor is vested with no discretionary check in respect to payments out of the city treasury, but is under a legal obligation to sign every warrant which has the signature of the comptroller. I cannot assent to this. On the contrary, I think the mayor has the power, and that it is his duty to take care that no money is drawn out of the treasury unless in pursuance of law.

In the present case the appropriate remedy is by action against the corporation. The mayor, I think, had the power, and properly exercised it in refusing to sign the warrant in question. But if I am wrong on this point, it does not follow that the relator is entitled to the writ of mandamus. The granting or refusing the writ is a matter of discretion, and, under the facts of this case, I think it ought to be refused. For as was said by Judge EMMOTT in *The People* agt. *The Contracting Board* (27 *N. Y. R.* 381), to entitle a party to this remedy " there must be a clear legal right, not merely to a decision in respect to the thing sought, but to the thing itself."

The writ is refused; the order to be settled on one day's notice.